IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No. 9:16-2550-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| 269 Acres, *more or less, located in Beaufort County, State of South Carolina*; Harold E. Trask, Jr.; *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Government's motion to strike Defendants' supplemental expert report and supplemental answers to interrogatories (Dkt. No. 50). For the reasons set forth below, the Court denies the motion and will issue a new scheduling order extending certain deadlines.

I.  **Background**

The United States filed this action on July 15, 2016, to acquire a restrictive easement over 269 acres of land adjacent to the Marine Corps Air Station in Beaufort, South Carolina, to protect flight operations. The issue in this case is the compensation due for the property taken.

With certain exceptions not germane to the present motion, the discovery deadline in this matter was June 16, 2017. Expert reports were due April 7, 2017 and rebuttal reports May 12, 2017. On February 6, 2017, the Government propounded its first set of interrogators and requests for production, which requested that Defendants identify all witness and provide any documents associated with plans to develop the property. Defendants responded 32 days later, on March 10, 2017, identifying witnesses and providing an unexecuted copy of a contract with Southern Current for a solar farm lease on the property. On March 20, 2017, the Government requested an executed

copy of the lease. In response, Defendants provided a partially executed lease on March 31, 2017. Defendants also timely provided an expert report from their appraiser, Thomas Hartnett, dated March 21, 2017.

On June 15, 2017, Defendants identified three new potential witnesses from Southern Current. They provided a copy of the fully executed lease on June 16, 2017, and a "supplemental" report from Mr. Hartnett on June 19, 2017.[1] Mr. Hartnett provided the new report to Defendants' counsel on June 10, 2017, describing it as "my corrected version of the Trask appraisal." The corrections are modifications to address criticisms raised in the Government's rebuttal report; Mr. Hartnett's conclusion regarding the value of the property did not change. The Government moves to strike the new expert report, the new witness identifications, and the fully executed lease as untimely disclosed.

## II. <u>Legal Standard</u>

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Local Civil Rule 16.02(D)(2) provides that witnesses identified in the last twenty-eight days of the discovery period are presumed to be untimely identified, absent a showing of good cause.

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is

---

[1] It appears Defendants attempted to produce the supplemental report on June 16, 2017 and that the delay to June 19th was due to a technical error on Defendants' part. (*See* Dkt. No. 50-3.)

substantially justified or harmless. *Id.* at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

### III. Discussion

The Government objects to three disclosures made on or after June 15, 2017: a copy of an executed solar farm lease with Southern Current, identification of representative witnesses from Southern Current, and a new expert report from Mr. Hartnett.

#### A. The Executed Solar Farm Lease

The Government objects Defendants provided a copy of the executed solar farm lease on June 16, 2017, the last day of discovery. That contract apparently should have been provided by March 8, 2017 in response to the Government's interrogatories of February 6, 2017. (*See* Dkt. 50-6.) Defendants produced a partially executed but substantively identical solar farm contract on March 31st. (*See* Dkt. No. 56 at 11.) At that time, the Government was aware the contract had been fully executed. (*Id.* at 11–12.) The Government also received a copy of the fully executed contract before the close of discovery. The failure to disclose the executed copy by March 8th, therefore, is harmless. The Court denies the Government's motion to strike the contract.

#### B. The Identification of Southern Current Witnesses

The Government objects to the late identification of "Paul Fleury, Gregg Ness, Lesley Williams, or other designated representative" of Southern Current as a possible witness. Those persons were identified on June 15, 2017, the penultimate day of discovery. Witness

identifications provided in the last 28 days of discovery are presumptively untimely. Local Civil Rule 16.02(D)(2) DSC.

Defendants' arguments to rebut the presumption that its supplemental witness identification is untimely are unpersuasive. The witnesses should have been identified on or before May 19, 2017. Defendants argue they "had good cause for adding a representative of Southern Current when they did because the witness was named in response to the United States' refusal to tell Defendants whether the proposed solar farm would be a permissible use of the Property" (Dkt. No. 56 at 9), but they identify no relevant change in circumstances between May 19th and June 15th.[2] The Court therefore finds the witness untimely identified.

To determine whether the untimely-identified witnesses should be excluded, the Court applies the *Southern States* factors. First, the Court finds the Government should not have been especially surprised by the witness identification, given its knowledge of the solar lease with Southern Current. Second, the Court finds whatever surprise does exist may be cured by requiring Defendants to identify the Southern Current representative precisely and to allow the Government to depose that person. Third, the Court finds that allowing a Southern Current representative to testify will not disrupt trial in any way. Fourth, the Court finds testimony from a Southern Current representative may be important evidence in this case. The Government argues the solar lease is irrelevant because it was executed after the property was taken; testimony from a Southern Current

---

[2] Defendants argue that they learned of the need to identify a Southern Current witness only after its deposition of the Government's expert on June 14, 2017, but they transcript excerpts Defendants provide do not support that argument. Defendants provide an excerpt from Mr. Newkirk's deposition providing the transcript pages containing the word "solar." (Dkt. No. 56-13.) Therein, Mr. Newkirk only says that a solar farm would "probably" be a reasonable interim use for the property, that he did not research whether the Government's easement would allow that use, and that if the current use of the property were for a solar farm he would have considered that in preparing his appraisal. (*Id.*)

representative may be crucial to Defendants' response to that argument. Fifth, as explained above, the Court finds Defendants' explanation for its failure to disclose the evidence unpersuasive.

The final factor is the only factor weighing in favor of striking the witness identification. All other *Southern States* factors weigh against striking. The Court therefore denies the Government's motion to strike Defendants' late witness identification. The Court further orders Defendants to identify to the Government precisely who it intends to call as a representative of Southern Current by July 31, 2017. Absent extraordinary circumstances, Defendants will not be permitted later to identify a different Southern Current representative. The Government may depose the identified witness before September 1, 2017. An amended scheduling order will issue.

## C. The Revised Expert Report

The Government objects to Mr. Hartnett's revised report as untimely. Defendants respond that the revision is a supplemental disclosure under Rule 26(e) of the Federal Rules of Civil Procedure, necessary to supplement or correct an incomplete or inaccurate disclosure.

A supplemental report under Rule 26(e) is necessary when the proponent "party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26 (e)(1)(A). "Incomplete" in this context means tending to mislead because of missing information; it does not mean "less thorough than the report might have been." *See Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003) ("[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to . . . ."). "Courts distinguish 'true supplementation' (*e.g.*, correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to . . . 'supplement[]' an expert report with a 'new and improved' expert report. *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630–31 (E.D.N.C. 2008). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position,

could 'supplement' existing reports and modify opinions previously given." *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003).

The Court has carefully compared Mr. Hartnett's original and revised reports. Based upon that review, the Court finds the revision is not supplemental within the meaning of Rule 26(e). Mr. Hartnett's conclusions are unchanged and his stated purpose in revising the report is to "include[] or correct[] all of the nitpicking things [the Government's expert] criticizes" to produce "a better and more supported report." (Dkt. No. 56-1.) This is a "new and improved" expert report, not a supplementation under Rule 26(e).

Because the report disclosure is untimely, to determine whether the report should be stricken the Court again applies the *Southern States* factors. First, the Court finds the disclosure of the report does not create undue surprise for the Government. Mr. Hartnett did not change his opinion about the property's value and he did not radically alter his method for coming to that opinion. He simply improved his report in response to criticisms from the Government's expert. (See Dkt. No. 56-1.) That is not a proper Rule 26(e) supplementation, so his "improved" report is simply an untimely expert report. But it says essentially the same thing as the report that was timely disclosed. The surprise is minimal and the Government's conclusory argument that it is "now limited in its ability to understand Mr. Hartnett's report" is unpersuasive. Second, the Court finds whatever surprise exists may be cured by allowing the Government to re-depose Mr. Hartnett and to provide a revised rebuttal report. Third, the Court finds no possibility that this new report will disrupt trial. Fourth, the Court finds that an appraisal of the taken property is information essential to this case. Fifth, the Court finds Defendants' explanation for the late disclosure of the revised report—that Mr. Hartnett produced it without prompting from counsel (Dkt. No. 56 at 8–9)—unpersuasive.

Again, the final factor is the only factor weighing in favor of the Government's motion. All other *Southern States* factors weigh against striking the report. The Court therefore denies the Government's motion to strike Defendants' late expert report. The Court further orders that the Government may re-depose Mr. Hartnett before September 1, 2017, and may produce a revised rebuttal report on or before September 15, 2017. The Court does not find good cause to permit Defendants to re-depose the Government's appraiser, Haywood F. Newkirk. An amended scheduling order will issue.

**IV. Conclusion**

For the foregoing reasons, the Court **DENIES** Government's motion to strike (Dkt. No. 50). The Court further **ORDERS** that the Government may depose the identified Southern Current representative before September 1, 2017, that the Government may re-depose Thomas H. Hartnett before September 1, 2017, and that the Government may provide a revised rebuttal report from Haywood F. Newkirk on or before September 15, 2017. An amended scheduling order will issue.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 1, 2017
Charleston, South Carolina