# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Civil Action No. 9:16-2550-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| 269 Acres, *More or Less, Located in Beaufort County, State of South Carolina*; et al., | |
| Defendants. | |

This matter is before the Court on the Government's motion to exclude expert testimony of Gregg Ness for failure to produce an expert report (Dkt. No. 75). For the reasons set forth below, the Court denies the motion.

**I.   Background**

The United States filed this action on July 15, 2016, to acquire a restrictive easement over 269 acres of land adjacent to the Marine Corps Air Station in Beaufort, South Carolina, to protect flight operations. The issue in this case is the compensation due for the property taken. Defendants allege that Southern Current LLC, a developer of solar arrays, entered into an option agreement with them for the construction of a solar array on land adjacent to the property. They also allege Southern Current would have entered into a lease for the development of a solar array on the property had the United States not condemned an easement on the property. Defendants plan to seek recovery of the value of the leases, allegedly about $6 million.

On August 1, 2017, the Court permitted Defendants' late identification of a witness from Southern Current. (Dkt. No. 59.) Defendants identified Mr. Ness, the company's general counsel, as a fact witness "to testify as to the contract between landowners and Southern Current." (Dkt.

Nos. 75-3 & 75-4.) On August 20, 2017, the Government moved for leave to identify an expert witness on the proposed solar arrays. (Dkt. No. 63.) On September 20, the Government deposed Mr. Ness as a fact witness. On September 28, the Court granted the Government's motion and ordered that each side may "disclose a solar expert and report by November 3, 2017" and that the identified solar experts may be deposed by December 1, 2017. (Dkt. No. 71.) On November 3, Defendants named Mr. Ness as its solar expert. The Government did not re-depose him as an expert.

Confusingly, Defendants' disclosure of Mr. Ness as an expert stated, "Because Mr. Ness' proffered testimony concerns his personal knowledge and involvement with this and other solar farm projects, the nature of Mr. Ness' testimony will be that of a fact witness, rather than an expert witness." (Dkt. No. 79-4.) Defendants provided no expert report for Mr. Ness, instead providing a copy of his September 20, 2017 deposition signed by Mr. Ness. Defendants assert that signed deposition is a sufficient disclosure for a non-retained expert under Rule 26(a)(2)(C).

On January 8, 2018, the Government moved to exclude Mr. Ness from offering expert opinion testimony. The Government does not object to Mr. Ness as a fact witness.

II. **Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Local Civil Rule 16.02(D)(2) provides that witnesses identified in the last twenty-eight days of the discovery period are presumed to be untimely identified, absent a showing of good cause.

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

### III. Discussion

Defendants identified Mr. Ness as an expert witness. The Government asserts that he is required to produce an expert report under Rule 26(a)(2)(B). Defendants assert that Mr. Ness is only required to produce an expert disclosure under Rule 26(a)(2)(C) and that Mr. Ness has complied with that requirement.

#### A. Whether an expert report under Rule 26(a)(2)(B) is required

Rule 26(a)(2) provides for two different types of disclosure of expert opinions. Rule 26(a)(2)(B) requires experts who are "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony" to disclose an extensive expert report. Rule 26(a)(2)(C) requires experts who are not so retained or employed to provide a more summary disclosure of the witness's expected testimony. Rule 26(a)(2)(C) was added to Rule 26 in 2010. The committee notes explain:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

> This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.

Rule 26(a)(2)(C) witnesses typically are treating physicians or party employees, but the rule is not confined to such witnesses.

Defendants represent that Mr. Ness is not retained or specially employed to provide an expert opinion in this case. The Government does not challenge Defendants' representations. Instead, the Government argues Mr. Ness nonetheless is required to provide a Rule 26(a)(2)(B) report because "Mr. Ness's 'testimony goes far beyond more descriptive factual testimony, as it necessarily would involve . . . answering hypothetical questions, based on his specialized knowledge and expertise.'" (Dkt. No. 75 at 7–8.)

The Government's position relies on two sets of cases. First, the Government cites cases predating Rule 26(a)(2)(C) that discuss the definition of expert opinion testimony. *E.g.*, *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200 (4th Cir. 2000); *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421 (M.D.N.C. 2005). Those cases are obviously inapposite. Second, the Government relies on a line of post-2010 cases holding that treating physicians providing expert testimony beyond patient treatment, *e.g.*, testimony on causation, must produce a Rule 26(a)(2)(B) report even if they are not retained or employed to provide expert testimony. This is because of the unfairness of the adverse party's lack of notice of expert testimony on matters unrelated to treatment. *E.g.*, *Kobe v. Haley*, No. CA 3:11-1146-TMC, 2013 WL 4067921, at *3–4 (D.S.C. Aug. 12, 2013). Those cases are likewise inapposite. The Court does not find that identifying the general counsel of the counterparty to Defendants' solar contract

as a non-retained expert on solar contracts to be analogous to a treating physician testifying as an expert on general causation issues. Further, the Government's own motion papers make it clear that the Government is on notice of Mr. Ness's expected testimony—in his opinion, the Southern Current solar contract would go forward. (*See* Dkt. No. 75 at 6.) Indeed, the Government previously deposed Mr. Ness when he was identified as a fact witness and it was provided an opportunity to re-depose him when he was identified as an expert witness.

The Court therefore rules Mr. Ness is not required to produce a Rule 26(a)(2)(B) report. Because he is an identified expert witness not subject to Rule 26(a)(2)(B), he must provide a disclosure under Rule 26(a)(2)(C).

## B. Defendants' purported Rule 26(a)(2)(C) disclosure

Defendants argue they have met the requirements of Rule 26(a)(2)(C) by providing a copy of the transcript of the Government's fact-witness deposition of Mr. Ness, signed by Mr. Ness. The Government argues that "does not satisfy either the letter or the spirit of Rule 26(a)(2)." (Dkt. No. 75 at 10.) The Court fully agrees with the Government. At trial, Mr. Ness's expert testimony will be limited to the scope of the disclosure. The Court will not parse his deposition transcript to search for that scope. The Court also agrees with the Government that Defendants' designation of Mr. Ness as an expert in a disclosure that repeatedly assert that Mr. Ness is a fact witness and not an expert witness is highly confusing. (*Compare* Dkt. No. 79-4 at 1 (Defendants "hereby identify the following expert witness . . . Gregg Ness.") *with id.* at 2 ("Mr. Ness's testimony will be that of a fact witness, rather than an expert witness.").) The Court rules that Mr. Ness has been timely identified as an expert witness for Defendants and that he is an expert witness regardless of whether he is also a fact witness.

Having determined Defendants failed to comply with Rule 26(a)(2)(C), the Court applies the *Southern States* factors to determine whether the failure is harmless or justified:

(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

318 F.3d at 597. The first four factors regard harmlessness. As the Court notes above, Mr. Ness's expected testimony is not particularly surprising to the Government. To the extent that it is a surprise, the surprise can be cured by proper disclosure. The Court anticipates no disruption of trial. The Court previously held solar expert testimony is important when it allowed late identification of solar experts. Thus, any harm from Defendants' failure to provide a proper disclosure under Rule 26(a)(2)(C) may be cured, rendering the failure harmless.

Defendant is ordered to produce a proper Rule 26(a)(2)(C) report for Mr. Ness within seven days of the date of this Order. Further, although the Government elected not to re-depose Mr. Ness after his designation as an expert, because Defendants failed to comply with their disclosure obligations under Rule 26(a)(2)(C), the Court extends the time for the Government to depose Mr. Ness as an expert witness to February 9, 2018.

**IV. Conclusion**

For the foregoing reasons, the Government's motion to exclude expert testimony from Gregg Ness (Dkt. No. 75) is **DENIED**. Defendant is **ORDERED** to produce a proper Rule 26(a)(2)(C) report for Mr. Ness within seven days of the date of this Order. The Court further **ORDERS** that the Government may depose Mr. Ness as an expert witness by **February 9, 2018**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 2_, 2018
Charleston, South Carolina