IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No. 9:16-2550-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| 269 Acres, *More or Less, Located in Beaufort County, State of South Carolina*; et al., | ) | |
| Defendants. | ) | |

Before the Court is the Landowners' motion for attorneys' fees and costs. (Dkt. No. 173.) For the reasons set forth below, the motion is denied.

I. **Background**

The United States of America (the "Government") filed this action on July 15, 2016 to impose a permanent restrictive easement over 269.22 acres of land (the "Property") located in Beaufort, South Carolina, which the Landowners had owned in fee simple since 1955. (Dkt. No. 1.) The easement encumbers 179 acres of the 446.33-acre industrially zoned parcel and the entire 90.22-acre residentially zoned parcel. It restricts land development in the flight path of jets in and out of the adjacent U.S. Marine Corps Air Station notwithstanding preexisting overlay zoning. (Dkt. No. 140-1.)

The Court appointed a three-person Commission pursuant to Rule 71.1 of the Federal Rules of Civil Procedure that was comprised of Jean H. Toal, Stephen A. Spitz and Alan J. Reyner. The sole issue in dispute was the appropriate amount of just compensation due to the Landowners for this constructive taking. After a three-day trial, the Commission issued its final Report and Recommendation of just compensation, to which the Government objected. (Dkt. Nos. 164, 172.)

After hearing oral arguments and reviewing the Commission's Recommendation *de novo*, the Court made specific findings of the pre- and post-taking values of the industrial and residential parcels based on each's highest and best use, and found that the full award of just compensation due to the Landowners by the Government is $4,441,410.00. (Dkt. No. 180.)

The Landowners now seek certain attorneys' fees and costs incurred during this approximately three-year litigation. The Court considers the Landowners' motion and supplemental motion (Dkt. Nos. 173, 186), the Government's response in opposition (Dkt. No. 188), the Landowners' reply (Dkt. No. 191) and the Government's sur-reply (Dkt. No. 196).

## II. Legal Standard

The Fifth Amendment forbids the taking of private property for public use without "just compensation." The compensation owed under this provision is the monetary equivalent of the property taken, which does not take into account indirect costs to the property owner caused by the taking. *United State v. Bodcaw Co.*, 440 U.S. 202, 203 (1979). Thus, "attorneys' fees and expenses are not embraced within just compensation." *Id.* The American Rule provides that parties bear their own legal fees, exceptions to which must be explicitly authorized by Congress. *In re Crescent Estates, LLC*, 588 F.3d 822, 825-26 (4th Cir. 2009). Imposition of costs against the Government is generally prohibited and may only be imposed "to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Congress explicitly authorized the imposition of certain costs and attorneys' fees in the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412.

The district court's interpretation of EAJA is subject to *de novo* review. *United States v. 50.50 Acres of Land*, 931 F.2d 1349, 1356 (9th Cir. 1991). The court's order on an application made under EAJA is reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988); *United States v. 515 Granby, LLC*, 736 F.3d 309, 314 (4th Cir. 2013). If the court determines that the applicant is entitled to fees and expenses, the court "has considerable discretion

in determining the amount of the fee award." *515 Granby, LLC*, 736 F.3d at 318. The court abuses its discretion when it makes a clear error of law. *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009). This "standard is deferential," *515 Granby, LLC*, 736 at 314, but requires a "suitably informed deference" that may entail a "canvassing of the relevant materials," *United States v. Paisley*, 957 F.2d 1161, 1166, n.3 (4th Cir. 1992).

### III. Discussion

The Landowners seek $687,602.50 in attorneys' fees pursuant to EAJA subsections 2412(b) and (d), and $37,998.60 in costs pursuant to subsections 2412(a) and (d). The Landowners also seek certain costs pursuant to Rules 54(d) and 71.1 of the Federal Rules of Civil Procedure.

#### A. Attorneys' Fees and Costs Pursuant to the EAJA

The issue of attorneys' fees and costs to prevailing landowners in federal condemnation actions has suffered a long and complicated history, with which Congress and the courts have struggled. Regarding attorneys' fees, under the American Rule, each party bears its own fees absent a statutory provision or contractual obligation otherwise. Congress sought to correct this matter in federal condemnation cases through the EAJA, allowing the prevailing landowner to obtain attorneys' fees where the Government took a position that was not substantially justified or acted in bad faith. 28 U.S.C. § 2412(d)(1)(A), § 2412(b).[1] However, the EAJA limits this remedy

---

[1] "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and expenses , in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

"Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States, [which] shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." *See also Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 (5th Cir. 2015) (subsection 2412(b) is

to a "party," defined in part as an individual whose net worth was two million dollars or less at the time the case was filed. 28 U.S.C. § 2412(d)(2)(B).[2]

The EAJA defines "party" and "prevailing party" "[f]or the purposes of" subsection 2412(d). 28 U.S.C. § 2412(d)(2). But courts have consistently found that subsection 2412(d) definitions apply to the terms when used in other subsections due to the "presumption that a given term is used to mean the same thing throughout a statute." *Brown v. Gardner*, 513 U.S. 115, 118 (1994). *See, e.g.*, *Poche v. Joubran*, 644 F.3d 1105, 1109 (10th Cir. 2011) ("Although subsection (d)(4)'s language does not, by its terms, apply to sections (a) and (b), the statute as a whole makes the most sense when all of its provisions regarding 'prevailing parties' are read in the same way."); *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 388 n.1 (5th Cir. 2004) ("Prevailing party status is a prerequisite to recovering attorneys' fees under 28 U.S.C. § 2412(b)."); *United States v. 50.50 Acres of Land*, 931 F.2d 1349, 1358 (9th Cir. 1991) ("We conclude that the legislative history of the amendment [§2412(d) definition of 'prevailing party'] reflects Congressional intent that the new definition was to apply to awards of both costs and fees."); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883-84 (5th Cir. 1987) ("A 'plain meaning' reading of the statute indicates that this subsection [2412(d)(1)(A)] applies only where it has been found that the private party 'prevailed' under § 2412(b) and thereby made a prima facie case of entitlement to fees."); *United States v. Certain Land Situated in the City of Detroit*, 600 F. Supp. 2d 880, 890 (E.D. Mich. 2009) ("In order to recover fees and costs under the EAJA, however, it is not enough to simply demonstrate that the moving party meets the net worth and employee-number requirements set

---

"the EAJA's bad faith provision"); *Hyatt v. Shalala*, 6 F.3d 250, 254 (4th Cir. 1993) (discretionary award upon finding conduct "in bad faith, vexatiously, wantonly, or for oppressive reasons").

[2] "'[P]arty' means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"

-4-

forth in § 2412(d)(2)(B)."); *United States v. 87.98 Acres of Land More or Less in Donn Raymond Campion*, No. 03-6064 AWI LJO, 2006 WL 8445962, at *2 (E.D. Cal. Apr. 7, 2006) ("This language ['For purposes of' subsection 2412(d)] suggests that Section 2412(d)(2)(H) only defines 'prevailing party' for Section 2412(d) and not Section 2412(a) or Section 2412(b)," but "[o]ther circuits have, without discussion or mention of the textual limitation, similarly applied the Section 2412(d)(2)(H) definition to the whole of Section 2412."). Therefore, under the EAJA, a prevailing landowner in a federal condemnation matter with a net worth at the time of two million dollars or greater is subject to the traditional American Rule, under which each party carries its own attorneys' fees, even where the Government's prelitigation or litigation position was not substantially justified.

Regarding costs, Rule 54 provides that the prevailing party is entitled to certain designated costs, but exempts the federal government from this obligation to pay for costs against a prevailing opposing party. Fed. R. Civ. P. 54(d).[3] This exemption created a conflict in condemnation actions, in which the prevailing Government could obtain costs against a landowner, but a prevailing landowner could not obtain costs against the Government. Rule 71.1 sought to correct this inequity in condemnation actions by providing that the prevailing Government could not collect costs against a landowner. Fed. R. Civ. P. 71.1(l).[4] Congress then attempted to address situations in which the landowner prevailed, by providing in the EAJA that the "prevailing party," specifically

---

[3] "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."

[4] "Costs are not subject to Rule 54(d)." *See also* Fed. R. Civ. P. 71.1, Note to Subdivision (l) ("The effect of subdivision (l) is that costs shall be awarded in accordance with the law that has developed in condemnation cases," including that "[s]uch normal expenses of the proceeding as bills for publication of notice, commissioners' fees, the cost of transporting commissioners and jurors to take a view, . . . and witness' fees, are properly charged to the government, though not taxed as costs.").

defined in cases of eminent domain proceedings, may obtain costs. 28 U.S.C. § 2412(a)(1);[5] *see also United States v. 312.50 Acres of Land, More or Less, Situated in Prince William Cnty, Com. of Va.*, 851 F.2d 117, 118 (4th Cir. 1988) ("As amended in 1985, the EAJA not only applies to condemnation cases but defines the 'prevailing party' [in § 2412(d)] . . . designed to provide a mathematical formula for determining 'prevailing party' in a condemnation case."); *U.S. v. 1.11 Acres of Land, More or Less, Situated in Lee Cnty, Va.*, No. 2:04-cv-0044, 2005 WL 2179530, at *1 (W.D. Va. Sept. 9, 2005) (denying landowners' application for cost of appraisal where landowners not eligible under definition in subsection 2412(d) where, "[b]ecause of sovereign immunity, awards against the government are prohibited without its consent. That doctrine limits awards of costs in condemnation actions to those permitted by statute."). Again, however, an award of costs under the EAJA did not apply to a landowner applicant whose net worth was more than two million dollars when the condemnation action was filed.

Here, the Government contends that the Landowners are not a "party" eligible for fees or costs under the EAJA because the Landowners held real estate investments that made each individual's net worth more than two million dollars when this taking was initiated in July 2016. (Dkt. No. 188 at 6.) "The party requesting EAJA fees bears the burden of establishing that it is eligible for such an award." *United States v. 819.8 Acres of Land*, 133 F.3d 933 (Table), 1998 WL 3285, at *3 (10th Cir. 1998) (affirming denial of fees where the landowners "apparently did not submit an affidavit or any other kind of proof of their financial status. Given the government's specific challenge to their financial eligibility for an award of fees, this failure meant that [they]

---

[5] "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . . A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation."

did not establish that they met the definition of 'party' set out in the EAJA."). "In the face of a challenge to a party's eligibility for an EAJA award, that party must do more than make a bare assertion that it meets the statutory criteria. This is especially true when the government points to facts indicating that a serious question exists as to the party's eligibility, as the government did in this case by directing the district court's attention to [the landowners'] extensive landholdings[.]" *Id.* A *prima facie* showing of this net worth can be made, for example, with an affidavit from a certified public accountant setting forth assets and liabilities and using GAAP. *See Broaddus v. U.S. Army Corps of Eng'rs*, 380 F.3d 162, 166-67, 169 (4th Cir. 2004).

In response to the Government's contention, the Landowners stated that they believed at least one family member's net worth was less than two million dollars at the time, but provided no documentary support for their assertion. (Dkt. Nos. 200, 201.) Because the Landowners have not demonstrated that they are a "party" as defined by the EAJA, the Court finds that they are not eligible for an award of attorney's fees or costs and expenses under the statute. *See Texas Food Indus. Ass'n. v. U.S. Dep't of Agric.*, 81 F.3d 578, 580 (5th Cir. 1996) ("Because the EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor."). The Court therefore does not reach the issue of whether the Government's position was not substantially justified.[6]

**B.    Cost of the Commission Pursuant to the Federal Rules of Civil Procedure**

Commissioners appointed pursuant to Rule 71.1 are subject to the analogous provisions of Rule 53, governing the authority of Masters.[7] Rule 53 requires the Court to fix the Commissioners'

---

[6] If the Landowners were to qualify under the provisions of the EAJA, the Court would find that the Government's conduct was not in bad faith.

[7] "A commission has the powers of a master under Rule 53(c)." Fed. R. Civ. P. 71.1(h)(2)(D). "Unless the appointing order directs otherwise, a master may: regulate all proceedings; take all appropriate measures to perform the assigned duties fairly and efficiently; and if conducting an

compensation and terms of payment. Fed. R. Civ. P. 53(g)(1), (2).[8] The Court set the Commissioners' compensation at $250.00 per hour to be split by the parties. (Dkt. No. 93.) The Court received and reviewed the Commissioners' timekeeping submissions, which total 284.6 hours. The Court finds this time expended is reasonable and, therefore, directs the Government and Landowners to each pay an equal share of the 71,150.00 cost of the Commission to the Clerk of Court.[9]

**IV.   Conclusion**

For the foregoing reasons, the Landowners' motion for an award of attorneys' fees and costs (Dkt. No. 173) is **DENIED**. The Landowners' application for attorneys' fees and costs is denied, and the cost of the Commission shall be equally shared by the Government and the Landowners.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 24, 2019
Charleston, South Carolina

---

evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence." Fed. R. Civ. P. 53(c).

[8] "Before or after judgment, the court must fix the master's compensation on the basis and terms stated in the appointing order, but the court may set a new basis and terms after giving notice and an opportunity to be heard. The Compensation must be paid either: by a party or parties; or from a fund or subject matter of the action within the court's control."

[9] The Court has found reasonable the Commission members' time expenditures as follows: 100.4 hours by Jean H. Toal, 110.2 hours by Alan J. Reyner, and 74 hours by Stephen A. Spitz.